M. WEINBERG v. ALBEMARLE & RALEIGH RAILROAD COMPANY.

*Railroads—Common Carriers—Negligence—Bill of Lading, stipulations in.*

The rule announced in *Phifer* v. *Railroad*, 89 N. C., 311, that a stipulation in a bill of lading, given by one of an associated through-line of common carriers to transport goods beyond its own line, to the effect that if damage to the same be sustained by the shipper, that company alone in whose custody the goods were at the time of the loss shall be answerable, is affirmed.

(*Phifer* v. *Railroad*, 89 N. C., 311; *Phillips* v. *Railroad*, 78 N. C., 294, cited and approved.)

CIVIL ACTION tried on appeal from a justice's judgment, at Fall Term, 1883, of EDGECOMBE Superior Court, before *Shepherd, J.*

Upon the facts stated in the opinion here, and no evidence of defendant's negligence having been introduced, the court below held with the defendant, and gave judgment accordingly, from which the plaintiff appealed.

*Mr. John L. Bridgers, Jr.*, for plaintiff.
No counsel for defendant.

MERRIMON, J.   The plaintiff delivered to the defendant company a box of merchandise, to be transported over its railroad from Tarboro to Williamston, in this state, and thence by steamer to Baltimore, Md., and took from the defendant a bill of lading that contained this provision : " It is further stipulated and agreed, that in case of any loss, detriment or damage to, or sustained by any of the property herein receipted for during such transportation, whereby any legal liability or responsibility shall or may be incurred, that company shall alone be held answerable therefor in whose actual custody the same may be at the time of the happening of such loss, detriment or damage, and in such case, that company shall have the benefit of any insurance effected by or on account of the owner or shipper of said goods."

The goods were of the value of $78, were duly transported by defendant and delivered to the steamboat company at Williamston, and they were destroyed by fire while in the actual custody and care of the latter company.   There is no allegation that the defendant was in default in any respect, except as it might be liable on account of the supposed negligence of the steamboat company.   The railroad line and the steamboat line were distinct but connecting lines of transportation between Tarboro and Baltimore, and each in the course of business delivered freights to the other for transportation.

This being the case, we are of opinion that the plaintiff cannot hold the defendant liable for the loss sustained by him.

The bill of lading was evidence of a contract between the plaintiff and defendant, and the former is bound by all the stipulations therein that were lawful and did not contravene

public policy in respect to common carriers. The court held in *Phifer* v. *Railroad*, 89 N. C., 311, that a stipulation precisely like that recited above was reasonable, and did not contravene any rule of law or public policy, and was binding. upon the shipper of goods or party to it. The Chief Justice delivered an elaborate opinion in that case, correctly expounding the law, and we see no reason to modify it in any respect. It is directly in point here, and this case must be governed by it.

The plaintiff's counsel relied in the argument upon the case of *Phillips* v. *Railroad*, 78 N. C., 294. That case might be applicable and in point, but for the stipulation in the bill of lading above set forth. If there had been no such stipulation, then the defendant might have been liable in case of negligence.

The view we have taken renders it unnecessary to advert to any other ground of error assigned in the record.